FILED

UNITED STATES DISTRICT COURT 2016 MAR 24 PM 4:01
MIDDLE DISTRICT OF FLORIDA   CLERK, US DISTRICT COURT
JACKSONVILLE DIVISION   MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

ORQUIDEA QUEZADA

Case No.:      3:16-cr- 37. J. 25 JRK
Cts. 1-49:     18 U.S.C. §§ 1343 and 2
Ct. 50:        18 U.S.C. § 1960 and 2
Forfeitures:   18 U.S.C. § 981(a)(1)(C)
               28 U.S.C. § 2461(c)
               18 U.S.C. § 982(a)(1)

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH FORTY-NINE
### (Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1.    Orquicely Construction, LLC ("Orquicely Construction") was a

corporation registered with the Florida Department of State. Its principal place of

business was in Orange County, in the Middle District of Florida.

2.    The defendant, ORQUIDEA QUEZADA, managed and directed

Orquicely Construction. Records of the Florida Department of State reflect that she

was the registered agent and sole officer of the corporation.

3.    Under Florida law, any contractor or subcontractor who engages in any

public or private construction must secure and maintain workers' compensation

insurance. See Fla. Stat. §§ 440.10(1)(a) & 440.38(1). A contractor must require a

a subcontractor to provide it with evidence that it has workers' compensation insurance for its workers. Fla. Stat. § 440.10(c). Failure to maintain workers' compensation insurance is a felony. Fla. Stat. § 440.105(4)(a) & (f).

4.      Proof of workers' compensation insurance is generally provided in the form of a certificate declaring that the subcontractor has the insurance coverage. The certificate states only that the subcontractor has workers' compensation insurance coverage and does not include the number of workers covered by the insurance policy.

## B. Scheme and Artifice

Beginning on an unknown date but no later than on or about May 24, 2013, and continuing through in or about March, 2016, in the Middle District of Florida, and elsewhere,

## ORQUIDEA QUEZADA,

the defendant herein, did knowingly devise and intend to devise, and participate in and aid and abet, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, both oral and written, that is, a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent representations concerning workers' compensation insurance, as more fully described herein.

## C. Manner and Means

The manner and means by which the defendant carried out the scheme and artifice to defraud included, but were not limited to, the following:

2

## Policy Period of May, 24, 2013, through May 24, 2015

1.     On or about May 24, 2013, the defendant, on behalf of Orquicely

Construction, submitted and caused to be submitted a Florida Workers

Compensation Application to the Florida Citrus Business & Industries Fund (the

"insurer") through Jorge Pomales Agency (the "insurance agency") located in

Oviedo, in the Middle District of Florida.  In the application, the defendant falsely

represented that Orquicely Construction employed two people and had an estimated

annual payroll of $90,000.

2.     The submission of the workers' compensation insurance application

caused the insurer to issue a workers' compensation insurance policy to Orquicely

Construction.  The annual premium for the policy was based on the information

provided in the application.  As a result of the issuance of the policy, the insurance

agency prepared a Certificate of Liability Insurance, which certified that Orquicely

Construction carried workers' compensation insurance.

3.     Although the workers' compensation premium was based on the

defendant's representation that Orquicely Construction employed two people and

had an annual payroll of about $90,000, the defendant "rented" Orquicely

Construction's Certificate of Liability Insurance to construction subcontractors that

employed hundreds of workers, including subcontractors who employed workers in

Duval County, in the Middle District of Florida.

4.     Although the insurer and the insurance agency believed they were

providing coverage for two people employed by Orquicely Construction—as

3

represented in the workers' compensation insurance application—the defendant's actions caused the insurer and the insurance agency to in fact provide coverage for hundreds of workers employed by the subcontractors.

5.      The subcontractors wrote payroll checks to Orquicely Construction for work performed by the subcontractors' employees and the defendant negotiated the payroll checks at federally insured financial institutions.

6.      From on or about June 14, 2013, through on or about May 23, 2015, the defendant cashed and caused to be cashed payroll checks totaling approximately $8,016,762.

7.      After cashing the payroll checks, the defendant distributed the cash, and caused it to be distributed, to the subcontractors' crew leaders, who paid the workers in cash, including workers in Duval County, in the Middle District of Florida.

8.      Neither Orquicely Construction nor the subcontractors, some of whose employees were undocumented aliens, deducted state or federal taxes, such as for Medicare and Social Security, from the workers' pay, in violation of state and federal law.

9.      The subcontractors' writing payroll checks to Orquicely Construction and the defendant's cashing those checks and distributing the cash to the subcontractors' employees allowed the subcontractors to avoid paying state and federal taxes and to conceal their employment of undocumented aliens who were working illegally in the United States.

4

**Policy Period of May 24, 2015, through May 24, 2016**

10.     On or about May 24, 2015, the defendant, on behalf of Orquicely Construction, submitted and caused to be submitted a Florida Workers Compensation Application to AIG (the "insurer") through AR Insurance Professionals LLC (the "insurance agency") located in Orlando, in the Middle District of Florida. In the application, the defendant falsely represented that Orquicely Construction employed seven people and had an estimated annual payroll of $102,000.

11.     The submission of the workers' compensation insurance application caused the insurer to issue a workers' compensation insurance policy to Orquicely Construction. The annual premium for the policy was based on the information provided in the application. As a result of the issuance of the policy, the insurance agency prepared a Certificate of Liability Insurance, which certified that Orquicely Construction carried workers' compensation insurance.

12.     Although the workers' compensation premium was based on the defendant's representation that Orquicely Construction employed seven people and had an annual payroll of about $102,000, the defendant "rented" Orquicely Construction's Certificate of Liability Insurance to construction subcontractors that employed hundreds of workers, including subcontractors who employed workers in Duval County, in the Middle District of Florida.

13.     Although the insurer and the insurance agency believed they were providing coverage for seven people employed by Orquicely Construction—as represented in the workers' compensation insurance application—the defendant's

5

actions caused the insurer and the insurance agency to in fact provide coverage for hundreds of workers employed by the subcontractors.

14.    The defendant caused the insurance agency to transmit the Certificate of Liability Insurance to and for subcontractors by electronic mail ("e-mail") in interstate commerce to assist the subcontractors in securing construction contracts.

15.    The subcontractors wrote payroll checks to Orquicely Construction for work performed by the subcontractors' employees and the defendant negotiated the payroll checks at federally insured financial institutions.  The defendant kept a portion of each payroll check—typically about five percent (5%)—as a fee.

16.    From on or about May 24, 2015, through on or about November 20, 2015, the defendant cashed and caused to be cashed payroll checks totaling approximately $9,375,805.

17.    After cashing the payroll checks, the defendant distributed the cash, and caused it to be distributed, to the subcontractors' crew leaders, who paid the workers in cash, including workers in Duval County, in the Middle District of Florida.

18.    Neither Orquicely Construction nor the subcontractors, some of whose employees were undocumented aliens, deducted state or federal taxes, such as for Medicare and Social Security, from the workers' pay, in violation of state and federal law.

19.    The subcontractors' writing payroll checks to Orquicely Construction and the defendant's cashing those checks and distributing the cash to the subcontractors' employees allowed the subcontractors to avoid paying state and

6

federal taxes and to conceal their employment of undocumented aliens who were working illegally in the United States.

### D. Execution of the Scheme

On or about the dates listed below, in the Middle District of Florida, and elsewhere,

### ORQUIDEA QUEZADA,

the defendant herein, for the purpose of executing and attempting to execute, and aiding and abetting the execution of, the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly and with intent to defraud transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, e-mails, which transmitted the Certificate of Liability Insurance from AR Insurance Professionals LLC to the subcontractors listed below through e-mail servers located outside the State of Florida:

| COUNT | DATE | SUBCONTRACTOR |
|-------|------|---------------|
| ONE | May 27, 2015 | Strange Lathing & Plastering Inc.<br>St. Augustine, Florida |
| TWO | May 28, 2015 | GAI Inc.<br>Oviedo, Florida |
| THREE | May 29, 2015 | First Coast Stucco<br>Jacksonville, FL |
| FOUR | June 1, 2015 | Vasiliy's Construction Inc.<br>Jacksonville, FL |
| FIVE | June 4, 2015 | Wilmot & Keaton Commercial Contractors LLC<br>Ocala, Florida |

7

| COUNT | DATE | SUBCONTRACTOR |
|---|---|---|
| SIX | June 5, 2015 | The Plummer Painting Company<br>Winter Park, Florida |
| SEVEN | June 8, 2015 | Robbins Property Associates LLC<br>Orlando, Florida |
| EIGHT | June 9, 2015 | Fernandez Painting Experts Inc.<br>Orlando, Florida |
| NINE | June 11, 2015 | Jax Frame LLC<br>Jacksonville, Florida |
| TEN | June 15, 2015 | Henry's Coating Inc.<br>Jacksonville, Florida |
| ELEVEN | June 16, 2015 | CR Construction Inc.<br>Orlando, Florida |
| TWELVE | June 17, 2015 | Art of Natural Stone Inc.<br>Jacksonville, Florida |
| THIRTEEN | June 18, 2015 | Royal Paving LLC<br>Palm Coast, Florida |
| FOURTEEN | June 19, 2015 | J&J Remodelers LLC<br>St. Augustine, Florida |
| FIFTEEN | June 22, 2015 | Holiday Drywall Services LLC<br>Belleair, Florida |
| SIXTEEN | June 26, 2015 | G&L Exteriors Inc.<br>Sorrento, Florida |
| SEVENTEEN | June 29, 2015 | Exterior Walls Inc.<br>Orlando, Florida |
| EIGHTEEN | June 30, 2015 | A.B.F. Drywalls Inc.<br>Ft. Myers, Florida |
| NINETEEN | July 1, 2015 | Aida's Building Construction Company Inc.<br>Clermont, Florida |
| TWENTY | July 7, 2015 | United Contractors Building Corporation<br>Deland, Florida |
| TWENTY-ONE | July 8, 2015 | Bague Professional Stucco Inc.<br>Orlando, Florida |
| TWENTY-TWO | July 13, 2015 | Wilkinson and Sons Plastering Inc.<br>Bostwick, Florida |

| COUNT | DATE | SUBCONTRACTOR |
|---|---|---|
| TWENTY-THREE | July 14, 2015 | G&S Contracting LLC<br>Gibsonton, Florida |
| TWENTY-FOUR | July 15, 2015 | Integrated Apartment Service<br>Jacksonville, Florida |
| TWENTY-FIVE | July 16, 2015 | Rosas A/C Installations LLC<br>Apopka, Florida |
| TWENTY-SIX | July 20, 2015 | M.J. Boturla Industries Inc.<br>Deltona, Florida |
| TWENTY-SEVEN | July 27, 2015 | Smith-Davis Construction LLC<br>Kissimmee, Florida |
| TWENTY-EIGHT | August 3, 2015 | Bergeron Framing Inc.<br>Longwood, Florida |
| TWENTY-NINE | August 4, 2015 | Fields Stucco & Plastering Inc.<br>Atlantic Beach, Florida |
| THIRTY | August 7, 2015 | M&J Renovations<br>Orlando, Florida |
| THIRTY-ONE | August 10, 2015 | War Tile Service Corporation<br>Orlando, Florida |
| THIRTY-TWO | August 11, 2015 | Spectro Construction Inc.<br>Orlando, Florida |
| THIRTY-THREE | August 13, 2015 | Genesis of Jax Inc.<br>Jacksonville, Florida |
| THIRTY-FOUR | August 19, 2015 | Core Dimensions LLC<br>Oviedo, Florida |
| THIRTY-FIVE | August 24, 2015 | First Maya Construction Corp.<br>Jacksonville, Florida |
| THIRTY-SIX | September 8, 2015 | D&C Brindau Construction LLC<br>Jacksonville, Florida |
| THIRTY-SEVEN | September 15, 2015 | LanCo Construction & Remodeling<br>Largo, Florida |
| THIRTY-EIGHT | September 18, 2015 | Simcon Concrete Inc.<br>Howey-in-the-Hills, Florida |
| THIRTY-NINE | September 22, 2015 | Magnum Coatings Inc.<br>Temple Terrace, Florida |

9

| COUNT | DATE | SUBCONTRACTOR |
|-------|------|---------------|
| FORTY | October 5, 2015 | E.R.O. Construction Inc.<br>Orlando, Florida |
| FORTY-ONE | October 7, 2015 | Pro-Line Builders LLC<br>Palm Harbor, Florida |
| FORTY-TWO | October 9, 2015 | Mica Construction Inc.<br>Orlando, Florida |
| FORTY-THREE | October 14, 2015 | U.S. Walls LLC<br>Orlando, Florida |
| FORTY-FOUR | October 20, 2015 | Begent Drywall Inc.<br>St. Augustine, Florida |
| FORTY-FIVE | October 26, 2015 | Z Properties Group Inc.<br>Winter Park, Florida |
| FORTY-SIX | November 5, 2015 | Enstone Construction LLC<br>Longwood, Florida |
| FORTY-SEVEN | November 9, 2015 | Top Stucco Inc.<br>Jacksonville, Florida |
| FORTY-EIGHT | November 16, 2015 | Criste Construction Inc.<br>Deltona, Florida |
| FORTY-NINE | December 8, 2015 | LV Professional Services LLC<br>Winter Park, Florida |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIFTY
### (Unlicensed Money Transmitting)

Beginning on an unknown date but no later than in or about May, 2015, and

continuing through in or about March, 2016, in the Middle District of Florida, and

elsewhere,

### ORQUIDEA QUEZADA,

the defendant herein, did knowingly conduct, control, manage, supervise, direct, and

own all or part of an unlicensed money transmitting business which affected

10

interstate commerce in some manner and degree and failed to comply with the
money transmitting business registration requirements under Title 31, United States
Code, Section 5330, and regulations prescribed under that section, in violation of
Title 18, United States Code, Section 1960(b)(1)(B), and transported and
transmitted, and caused to be transported and transmitted, funds that were known
by the defendant to have been derived from a criminal offense and that were
intended to be used to promote and support unlawful activity, in violation of Title 18,
United States Code, Section 1960(b)(1)(C).

All in violation of Title 18, United States Code, Sections 1960 and 2.

## FORFEITURES

1.      The allegations contained in Counts One through Fifty of this
Indictment are incorporated by reference for the purpose of alleging forfeitures
pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United
States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1).

2.      Upon conviction of an offense in violation of Title 18, United States
Code, Section 1343, the defendant, ORQUIDEA QUEZADA, shall forfeit to the
United States of America, pursuant to Title 18, United States Code, Section
981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real
or personal, which constitutes or is derived from proceeds traceable to the offense.

3.      Upon conviction of a violation of Title 18, United States Code, Section
1960, pursuant to Title 18, United States Code, Section 982(a)(1), the defendant,

11

ORQUIDEA QUEZADA, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

    4.    The property to be forfeited includes, but is not limited to, a sum of money equal to at least $870,000 in United States currency, which represents the approximate amount of proceeds the defendant obtained as a result of the alleged scheme.

    5.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by

12

Title 28, United States Code, Section 2461(c), and as incorporated by Title 18,

United States Code, Section 982(b)(1).

A TRUE BILL,

Foreperson

A. LEE BENTLEY, III
United States Attorney

By:

ARNOLD B. CORSMEIER
Assistant United States Attorney

By:

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

13

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

ORQUIDEA QUEZADA

**INDICTMENT**

Violations:

18 U.S.C. §§ 1343 and 1960

A true bill,

Foreperson

Filed in open court this 24th day

of March, 2016.

Clerk

Bail    $_____